JiDECUIR, Judge.
In this tort case, plaintiff, Freddie Minor, appeals a ruling of the trial court finding him totally at fault in causing an automobile accident involving himself and defendant, Ronald Bertrand. We affirm.
FACTS
On January 6, 1996, at about 10:30 p.m., Minor was involved in an accident on Louisiana Hwy. 357 with Bertrand. Hwy. 357 is a two-lane narrow winding road between Church Point and Opelousas.
On the night of the accident, Bertrand backed out of his driveway onto the shoulder of the east bound lane of Hwy. 357. His vehicle was facing west with the headlights on while he was waiting to follow his girlfriend home. Minor was proceeding east on Hwy. 357 toward Opelousas. Upon seeing Bertrand’s lights, 12Minor initially believed them to be from a ear in the west bound lane. However, as he got closer, he believed the Bertrand vehicle to be in his lane. As a result, Minor overreacted and lost control of his vehicle striking the Bertrand vehicle where it was waiting on the shoulder.
Minor subsequently filed suit against Bertrand seeking to recover damages for minor injuries sustained in the accident. The trial court found Minor one hundred percent at fault in causing the accident. Minor lodged this appeal.
DISCUSSION
Minor alleges that the trial court erred in finding him totally at fault. The crux of Minor’s argument is that Bertrand’s vehicle was illegally stopped on the side of the highway and thereby created a dangerous condition. He suggests that the trial court committed an error of law in that Bertrand was in violation of two statutes at the time of the accident. For the reasons that follow, this assignment has no merit.
Minor first argues that Bertrand was in violation of La.R.S. 32:71(A) which requires that vehicles be driven upon the right half of the roadway where the roadway is of sufficient width. This argument fails in two critical regards. First, Bertrand was not on the roadway at the time of the accident. This was established by the testimony of Bertrand and the investigating police officer, and was not seriously disputed by Minor. Second, Bertrand’s vehicle was not being driven at the time of the accident. La.R.S. 32:1(47) provides that a vehicle which is standing, whether occupied or not, is parked or parking unless actually engaged in loading or unloading passengers or merchandise. Bertrand’s vehicle was standing on the shoulder while he awaited his girlfriend’s departure. As such, it was not being driven. It was parked.
Minor next argues that Bertrand was in violation of La.R.S. 32:296(A) which provides:
_[¿jA. No person shall stop, park, or leave standing any unattended vehicle on any state highway shoulder when such stopping or parking on the highway shoulder shall obstruct the flow of traffic or is a hazard to public safety, unless such stop *294 ping, parking, or standing is made necessary by an emergency, ...
(emphasis added)
Under its clear and unambiguous language, La.R.S. 32:296(A) is not applicable. As stated in the statute, its applicability is triggered if the vehicle is unattended. Sumner v. Sumner, 95-677 (La.App. 3 Cir. 11/8/95); 664 So.2d 718, 721, writ denied, 95-2919 (La.2/9/96); 667 So.2d 531. In the present case, it is undisputed that Bertrand remained with the vehicle and that he was actually in the vehicle when the accident occurred.
Accordingly, we find no error in the trial court’s finding that Minor was one hundred percent at fault in causing the accident.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant, Freddie Minor.
AFFIRMED.